CONTE C. CICALA, State Bar No. 173554
*conte.cicala@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff
MILOS PRODUCT TANKER CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS PRODUCT TANKER CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALERO MARKETING AND SUPPLY COMPANY and DOES 1 to 10,<br><br>　　　　Defendants. | Case No.  2:22-cv-01545<br><br>COMPLAINT FOR DAMAGES |

Plaintiff MILOS PRODUCT TANKER CORPORATION ("MPTC") alleges as follows:

## JURISDICTION

1.　This is a suit for unpaid freight, demurrage and related charges pursuant to an ocean voyage charter party and therefore comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1).

## THE PARTIES

2.　Plaintiff MPTC is now and at all times material herein a corporation duly organized and existing under the laws of a foreign nation.

3. At all times relevant, Defendant VALERO MARKETING AND SUPPLY COMPANY ("Valero") is, on information and belief, a business entity organized under the laws of Delaware with its principal place of business in Texas.

4. The true names of DOES 1 to 10, inclusive, are not known to plaintiff, but are those who were endorsed the bills of lading and/or accepted cargo and/or accepted services hereunder and otherwise became liable for the freight and charges due. This complaint will be amended to name the true names of such parties if and when they are known.

## GENERAL ALLEGATIONS

5. This case arises out of a voyage charter party for the transportation of cargo aboard the M/V SEAWAYS MILOS ("Vessel") in relation to a July 2020 voyage from Vopak Terminals, Banyan, Singapore to USWC ("Voyage").

6. The Vessel's cargo consisted of approximately 40,000 metric tons of Jet Fuel ("Cargo") and was shipped to pursuant charter party memorialized by email from ship brokers Affinity Tankers, Ltd. dated June 23, 2020 ("C/P").

7. Key aspects of the C/P include:

Charterer: GP Global Ptd. Ltd. on behalf of Gulf Petrochem FZC or their nominee ("Charterer")
Owner: Milos Product Tanker Corporation ("Owner")
Form: ShellVoy06
Date: 23 June 2020
Vessel: Seaway Milos ex Overseas Milos [...]
CLAUSE 14. LAW / ARBITRATION
GENERAL AVERAGE/ARBITRATION IN LONDON – ENGLISH LAW, YORK-ANTWERP RULES 1974 AS AMENDED 1994.

8. Shellvoy 6 is reference to a common form of voyage charter party for liquid bulk cargo frequently used in the marketplace.

9. Shellvoy 6 contains the following clause in respect of liens:

42. Owners shall have an absolute lien upon the cargo and all subfreights for all amounts due under this charter and the cost of recovery thereof including any expenses whatsoever arising from the exercise of such lien.

10. Consistent with the C/P, two bills of lading ("B/Ls") were issued for the Cargo as follows:

 Bill of lading order number: 106859/1

 Shipper: BP Singapore PTE LTD

 To the order of BP Singapore PTE LTD

 JET A1 31,385.452 MT

 Bill of lading order number: 109456/1

 Shipper: GP Global APAC PTE LTD

 To the order of Vitol Asia PTE LTD

 JET A1 8,199.844 MT

Valero listed in the B/Ls as notify party. On information and belief, the B/Ls were eventually endorsed to Valero or an affiliate, who received the Cargo in Los Angeles, California.

11. The B/Ls included the following language in respect of freight:

> "Freight and all other conditions and expectations as per Chartered stated dated in FREIGHT PAYABLE AS PER CHARTER PARTY."

12. Under applicable English law and in the above circumstances, Valero is thus liable to pay freight under the bill of lading.

13. Moreover, Valero further had knowledge of Owner's lien on subfreights, including by virtue of the B/Ls and C/P terms. It was further aware of the problems that had arisen with Charterer's financial position and Owner's resulting request that freight and charges due under the C/P be paid directly to Owners.

14. Unpaid freight and charges are presently calculated to total US$ 1,054,456.74.

15. To the extent that Valero has disregarded Owner's request and made payment instead to Charterers, it is liable for the resulting prejudice to Owner's lien. To the extent that Valero continues to hold such funds, they remain subject to Owner's lien. In either instance, Valero is further responsible for all cost of recovery thereof

including any expenses whatsoever arising from the exercise of such lien. MPTC reserves the right to amend this Complaint in order to assert additional claims for relief including those arising out of interference with MPTC's lien rights.

## FIRST CLAIM FOR RELIEF

### (Breach of Maritime Contract)

16. MPTC repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if fully set forth herein at length.

17. Pursuant to the Subject Bills of Lading and otherwise, Valero agreed and otherwise became bound to pay MPTC for ocean freight and related charges in amounts provided by the C/P and otherwise. MPTC has duly demanded same. However, Valero has failed to pay charges due and owing.

18. Valero owes outstanding freight charges in the amounts set forth above. Plaintiff hereby again demands payment of the outstanding ocean freight charges. Defendants further owe an additional amount, according to proof, in additional loss and expense associated with defendants' breach.

19. Plaintiff has performed each and all of its obligations, actual and implied, arising pursuant to the C/P and otherwise imposed by law. It has been damaged by Valero's failure to pay the amounts demanded and otherwise.

## SECOND CLAIM FOR RELIEF

### (Money Had and Received)

20. MPTC repeats and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

21. Valero received money that was intended to be used for the benefit of MPTC.

22. The money was not used for the benefit of MPTC.

23. Valero has not given the money to plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MPTC prays judgment as follows:

1. For damages as alleged herein and in the amount according to proof, but no less than US$ 1,054,456.74;

2. For all costs of suit, attorney fees and other expenses herein incurred;

3. For any other relief as the Court may deem proper.

Dated:  March 8. 2022          CLYDE & CO LLP


                              By:  /s/ *Conte C. Cicala*
                                   Conte C. Cicala
                                   Attorneys for Plaintiff
                                   MILOS PRODUCT TANKER
                                   CORPORATION